## TECHNICOLOR MOTION PICTURE CORP. v. WESTOVER.

### No. 10101.

United States District Court
S. D. California, Central Division.

June 18, 1951.

George W. Cohen, Beverly Hills, Cal., Posner, Berge, Fox & Arent, Washington, D. C., for plaintiff.

Ernest A. Tolin, U. S. Atty., E. H., Mitchell and Edward R. McHale, Asst. U. S. Attys., Eugene Harpole and James D. Pettus, Sp. Attys. Bureau of Internal Revenue, all of Los Angeles, Cal., for defendant.

HARRISON, District Judge.

This is a suit for refund of a manufacturer's excise tax imposed under Section 3406(a) (4) and Section 3444(a) (1), 26 U.S.C.A. which was allegedly illegally assessed and collected by the defendant. The Commissioner determined that an excise tax was due on the use of a "transfer machine" built by the plaintiff for use in the processing of colored motion picture film in its own plant. The evidence introduced at the trial was that of experts, whose testimony was directed toward proving, through a description of its technical operation, that the machine did or did not fall within the language of the Internal Revenue Code purporting to lay a tax upon articles of this or similar nature.

█ I find that the equipment involved is a part of the photographic apparatus as defined in said Section 3406(a) (4). This equipment is necessary for the developing of technicolor motion picture films and plays an important step in producing such colored films.

It is true only one transfer machine is involved but there is nothing from preventing plaintiff from building as many machines as it sees fit. It is plaintiff's theory so long as it does not sell said machines it can escape the use tax. Under certain patent rights plaintiff has a monopoly on the equipment involved. I do not believe the statutes involved should be interpreted to enable plaintiff to escape his liability because of such monopoly. This is a revenue measure and was not intended to enable one who maintains a monopoly on the manufacture of photographic equipment through the exercise of its monopoly to withhold the revenue of the government.

 This case presents close questions of law that will eventually have to be interpreted by a reviewing court. The burden rests upon the plaintiff to establish his cause of action by a preponderance of the evidence. The findings of the Commissioner are presumably correct.

I therefore find in favor of the defendant and direct proposed findings and judgment be submitted to me within ten days.